UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

THE McCUE MORTGAGE COMPANY      :      TRIAL BY JURY DEMANDED
         Plaintiff

VS.                                     :

FIVE BROTHERS MORTGAGE COMPANY
SERVICES AND SECURING, INC.
         Defendant             :      FEBRUARY 26, 2015

## COMPLAINT

## I.    INTRODUCTION

This is a suit brought by The McCue Mortgage Company against Five Brothers Mortgage Company Services and Securing, Inc.

## II.    PARTIES

The Plaintiff The McCue Mortgage Company, ("McCue") is a corporation organized and existing under the laws of the state of Connecticut with a principal place of business in New Britain, Connecticut that provides mortgage lending and servicing solely in the State of Connecticut.

The Defendant, Five Brothers Mortgage Company Services and Securing, Inc. ("Five Brothers"), is a corporation organized and existing under the laws of the state of Michigan with a principle place of business in Warren, Michigan that provides property and preservation services nationwide.

### III.    JURISDICTION AND VENUE

This court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332 and has venue of this matter pursuant to 28 U.S.C. § 1391.

### COUNT ONE – BREACH OF CONTRACT

1.    On April 14, 2011, the Plaintiff McCue entered into a contract ("Contract") with the Defendant Five Brothers for field services and inspections in the State of Connecticut, a copy of which is attached hereto as Exhibit A.

2.    Five Brothers' Property Preservation Department provides a variety of services to ensure that mortgage lender properties are quickly secured and remain adequately protected throughout the default process.

3.    Pursuant to this contract, Five Brothers agreed to provide property preservation, inspection, and manufactured home services at agreed upon prices identified in the proposal.

4.    Further, for Federal Housing Administration ("FHA") insured properties, Five Brothers agreed to follow the Department of Housing and Urban Development ("HUD") FHA property preservation guidelines as stated in the then current HUD Mortgagee Letters.

5.    The Defendant Five Brothers represented to the Plaintiff that foreclosed properties would be in conveyance condition per HUD guidelines and after review by HUD were found to not meet HUD's criteria.

2

6.     The properties that Five Brothers contracted with McCue were found to have among other things mold damage, water damage, freeze damage, roof damage and discoloration.

7.     As a result, Plaintiff McCue had to expend great sums of money to carry, repair, and re-convey these properties pursuant to the guidelines that should have been addressed by Five Brothers.

8.     On or before May 14, 2014, Five Brothers breached the contract, as more fully set forth below and Plaintiff McCue sent Five Brothers a termination letter pursuant to paragraph six of the Contract and seeking indemnification for the losses suffered by them as a result of Five Brothers' breach, a copy of which is attached hereto as

Exhibit B.

9.     The Defendant Five Brothers has breached its contract with the Plaintiff in one or more of the following ways:

a.     Failure to sufficiently complete contracted services, as properties were determined to not be in conveyable condition per HUD guidelines.

b.     Refusing to indemnify plaintiff for costs incurred as a result of defendant's insufficient services.

10.     As a result of said breach of contract the plaintiff has been financially damaged.

## COUNT TWO – BREACH OF GOOD FAITH AND FAIR DEALING

1.      Plaintiff incorporates in Count Two, paragraphs 1 – 4 of Count One above as if more fully set forth herein.

5.      By virtue of the contract between Plaintiff McCue and the Defendant Five Brothers, the Defendant Five Brothers has an implied obligation with the Plaintiff to act in a manner consistent with good faith and fair dealing. The Defendant Five Brothers has breached the implied obligation of good faith and fair dealing by conduct more particularly set forth as follows:

>    a.      Failure to complete contracted services in accordance with HUD guidelines.

>    b.      Refusing to indemnify plaintiff for costs incurred as a result of Defendant's insufficient services.

## COUNT THREE – NEGLIGENCE

1.      Plaintiff incorporates in Count Three, paragraphs 1 – 4 of Count One above as if more fully set forth herein.

5.      Pursuant to the contract, Defendant was under the duty to provide services sufficient to satisfy HUD guidelines and breached this duty by failing to provide adequate services to fulfill their obligation.

6.      Because of defendant's failure to satisfy these guidelines, Plaintiff's properties were deemed to be not in conveyance condition and the Plaintiff had to allocate additional funds to repair the defects not addressed by the Defendants.

4

7.     The Defendant Five Brothers was careless and negligent in one or more of the following respects:

    a.     In that it failed to treat mold effectively;

    b.     In that it failed to disconnect water lines;

    c.     In that it failed to properly repair/replace damaged items including heating/cooling/HVAC system, light boxes, flooring, ceiling, water damage, roof, and fixtures;

    d.     In that it failed to make necessary repairs to properties where structural and mechanical damage existed; and

    e.     In that it failed to remove debris completely from the premises.

8.     As a result of said negligence the plaintiff has been financially damaged.

## COUNT FOUR – CONNECTICUT UNFAIR TRADE PROTECTION ACT

1.     Plaintiff incorporates in Count Four, paragraphs 1 – 10 of Count One above as if more fully set forth herein.

11.     At all relevant times, Defendant Five Brothers has been and continues to be engaged in the conduct of trade or commerce as defined by 42-110a(4) of the Connecticut Statutes.

12.     The Defendant Five Brothers is a person as defined in the Connecticut General Statutes § 42-110a(3).

13.     The foregoing conduct by the Defendant Five Brothers constitutes unfair competition or unfair deceptive acts or practices, or both in the conduct of trade or

commerce and thereby constitutes a violation of the Connecticut Unfair Trade Practices Act, Connecticut General Statues §42-110a through 42-110q ("CUPTA").

14.     Plaintiff has suffered as ascertainable loss of money as set forth, and is entitled to recover damages and attorney's fees and costs.

15.     In accordance with the mandates of CUPTA, Plaintiff has advised the Attorney General of the State of Connecticut, as well as the Commissioner of Consumer Protection for the State of Connecticut, of its CUPTA claim against the Defendant by mailing a copy of this Revised Complaint to each respective office.

## COUNT FIVE – INDEMNIFICATION

1.     Plaintiff incorporates in Count Five, paragraphs 1-8 of Count One above as if more fully set forth herein.

9.     Pursuant to paragraph three of the Contract, the Plaintiff is entitled to indemnification for (i) any non-compliance with the terms set forth in the contract, (ii) breach of any warranty or representation set forth in the contract, (iii) negligent, wrongful acts or misconduct by Five Brothers or its employees, and (iv) any mistakes by Five Brothers relating to performance of the services herein.

10.     Defendant Five Brothers did not comply with the terms set forth in the contract, as properties were not completed to satisfy HUD guidelines as set forth above.

11.     As a result of aforementioned conduct by the Defendant, the Plaintiff is entitled to indemnification and to be held harmless of any and all loss, claims, injury, liability, damages, penalties, fines, forfeitures, attorneys fees and costs, of any kind

arising from or in any way connected with Five Brothers' conduct as specified under the contract.

**WHEREFORE,** The Plaintiff seeks:

1. Compensatory damages;

2. Punitive and exemplary damages;

3. Reasonable attorney fees and costs pursuant to § 42-110q;

4. Such other legal or equitable relief as the Court deems just and proper;

5. Attorneys Fees;

6. Compensatory damages; and

7. Such other legal or equitable relief as the Court deems just and proper.

THE PLAINTIFF,
The McCue Mortgage Company

By:   */s/ William J. Sweeney, Jr.*
William J. Sweeney, Jr.
**LAW OFFICES OF**
**WILLIAM J. SWEENEY, JR., LLC**
Federal Bar No.:  ct04325
One Liberty Square
New Britain, CT  06051
Tel:  (860) 827-6453
Fax:  (860) 225-0626
Email:  wjs@sweeneylawllc.com

7